[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14165
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20060-JAL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MANUEL RODRIGUEZ SANTANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 1, 2017)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Jose Manuel Rodriguez Santana appeals his 63-month total sentence imposed at the low end of the guideline range after he pleaded guilty to conspiracy to possess stolen goods worth $5,000 or more and to possess stolen goods worth $1,000 or more that constituted an interstate shipment of freight, in violation of 18 U.S.C. §§ 371, 2315, and 659, possession of stolen goods worth $5,000 or more, in violation of 18 U.S.C. §§ 2315 and 2, and possession of stolen goods worth $1,000 or more that constituted an interstate shipment of freight, in violation of 18 U.S.C. §§ 659 and 2.  Upon review of the record and the parties' briefs,[1] we affirm Santana's sentence.

## I. DISCUSSION

Santana contends that the district court erroneously relied on his admissions during his plea colloquy to determine the total loss amount for sentencing purposes rather than requiring the government to prove the loss amount at sentencing.  We need not decide whether the district court erred in this respect, however, because such error, if there was one, was harmless in this case.

When a district court indicates that it would impose the same sentence even if it is ultimately proved wrong on a disputed guidelines issue, we need not decide the guidelines issue if the sentence is otherwise reasonable.  *United States v.*

---

[1] Though ordinarily we review a district court's interpretation and application of the loss-amount guideline de novo and its loss-amount calculation for clear error, *United States v. Machado*, 333 F.3d 1225, 1227 (11th Cir. 2003), we do not undertake that analysis in this case for the reasons stated below.

*Keene*, 470 F.3d 1347, 1348–49 (11th Cir. 2006).  If the district court reasonably decides that a sentence is appropriate based upon the § 3553 factors regardless of the guideline range, any error in calculating the guidelines range is harmless. *United States v. Lozano*, 490 F.3d 1317, 1324–25 (11th Cir. 2007); 18 U.S.C. § 3553(a).

Here, the district court expressly stated that "even if the Defendant was held accountable for less of the value of the stolen merchandise, . . . if in fact he didn't receive the 18-level increase but received the 16-level increase, that would bring him to a level 24, 51 to 63 months.  And I find that, given the estimate of loss as well as the Defendant's involvement in this case, that a sentence even at level 24 should be 63 months."  The 63-month sentence Santana received would have still fallen within his Guidelines range even if the alleged calculation errors were rectified.  The district court undertook a lengthy and thorough review of the § 3553(a) factors in determining Santana's sentence and fully enunciated its reasons for considering Santana's crime a serious "violation of the social contract of commerce in our community" warranting a 63-month sentence.  *See Gall*, 552 U.S. at 50 ("[The district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."); *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) ("A district court abuses its discretion when it (1) fails to afford

3

consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.") (quotation omitted).  Indeed, Santana does not argue the sentence was unreasonable under the lower Guidelines range.  Even if the court erred in calculating his Guidelines range, therefore, that error would have been harmless because the sentence was reasonable even under the lower Guidelines range that would have resulted.  Assuming Santana's crime warranted the lower offense level, the record still would not leave a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors."  *Id.* (quotation omitted).

## II. CONCLUSION

For the foregoing reasons, the district court did not err in sentencing Santana to 63 months' imprisonment.

**AFFIRMED.**